AYRES, Judge.
This is an action in tort -Wherein plaintiff seeks to recover damages for personal injuries sustained when struck by an automobile of defendant’s assured. The accident occurred as plaintiff was about to complete a crossing on foot, from west to east, of Broadway Street in the City of Shreveport.
The court concluded that plaintiff’s negligence was the sole cause of the accident and rejected his demands. From an adverse judgment, plaintiff appealed.
On the question of liability, plaintiff relies upon the charge that the insured driver *237 was speeding or, in the alternative, that he had the last clear chance to avoid the accident, but, nevertheless, failed to do so. The defense is that plaintiff was guilty of negligence constituting a proximate or, in the alternative, a contributing cause of the accident, in failing to look for approaching traffic before proceeding to cross the street, or to maintain a lookout thereafter.
Broadway is an asphalt- or oil-surfaced 2-lane street running in a general north and south course; cross streets are unimproved or dirt streets. In the vicinity of the accident, stores were located on both sides of Broadway.
Plaintiff left the west side and proceeded to a store to the east side of the street. After he entered the northbound traffic lane, plaintiff was struck by the insured’s automobile. The record discloses that plaintiff never saw the offending car until momentarily before it struck him, although he contended he made a careful observation before proceeding into the street. (That plaintiff’s eyesight was very poor was also shown.)
Defendant’s driver testified that, while proceeding northward on Broadway, at a very moderate rate of speed, 10-15 m. p. h., which was considerably less than the lawful rate, he saw plaintiff, when several feet away from the street, running toward the street, whereupon he immediately applied his brakes and skidded his car approximately 49 feet, but, despite his efforts, he was unable to prevent running into plaintiff although, in addition to applying his brakes, he first swayed his car to the right and then to the left in an effort to pass behind plaintiff.
The proof does not establish that defendant’s driver was speeding. The conclusion is inescapable, even from plaintiff’s own admission, that he was not keeping or maintaining a proper lookout for approaching traffic at the time he entered or was crossing the street. His failure in this respect constituted negligence which the trial court concluded was the sole cause of the accident. We find no basis for disagreement.
Nor do we find that the doctrine of last clear chance is applicable. The evidence supports the conclusion that, as soon as defendant’s driver saw plaintiff in a run toward and into the street, he did everything reasonably possible to prevent the accident. As heretofore observed, the driver, on first seeing plaintiff approaching the street, applied his brakes, without delay, in an effort to stop his car. The record is void of any showing that the driver, after he saw, or should have seen, plaintiff in peril, failed or neglected to perform any duty imposed upon him.
The judgment appealed is, for the aforesaid reasons, affirmed at plaintiff-appellant’s cost.
Affirmed.